UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE A. BORJA,

Plaintiff,

v.

JASON SCHULTZ, et al.,

Defendants.

No.  2:25-cv-03568-SCR

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff is an incarcerated individual representing himself in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Currently pending before the Court is Plaintiff's motion for a temporary restraining order ("TRO Motion").  ECF No. 6.

I.      Factual and Procedural Background

Plaintiff's complaint, filed in December 2025, names correctional staff at the California State Prisons in Sacramento ("CSP-SAC") and Solano ("CSP-SOL") as defendants based on their deliberate indifference to his right to safety from other inmates.[1]  ECF No. 1.  In the complaint, plaintiff indicated that he was slashed in the face by another inmate at CSP-SAC on May 29, 2025, causing injuries that required 16 stitches.  ECF No. 1 at 13.  By way of relief, plaintiff requested a TRO to keep him out of Level 4 prisons, particularly, CSP-SAC, and to be transferred

---

[1]  This complaint has yet to be screened by the Court.  See 28 U.S.C. § 1915A.

1

to a Level 3 prison out of state.  ECF No. 1 at 23.

While incarcerated at the California Health Care Facility ("CHCF"), plaintiff filed the TRO Motion to prevent his transfer back to CSP-SAC, or any other Level 4 prison, based on his safety concerns.  ECF No. 6 at 6.  According to the TRO Motion, plaintiff was scheduled to be transferred to CSP-SAC on April 20, 2026, but he does not indicate which prison official(s) at CHCF was responsible for making the decision to transfer him.  ECF No. 6 at 6.

Attached to the motion is a memorandum response from the Warden at CSP-SAC dated September 22, 2025, indicating that his "safety concerns at CSP-SAC were substantiated through investigation" and that it was recommended that he be placed in the Restricted Housing Unit pending his transfer out of that prison.  ECF No. 6 at 8.

After the TRO Motion was filed, plaintiff filed a change of address indicating that he had been transferred back to CSP-SAC.  ECF No. 9.  Approximately two weeks later, he filed another change of address indicating that he had been returned to CHCF, where he remains incarcerated. ECF No. 10.

## II.    Legal Standards

A TRO is an extraordinary remedy that may only be granted if the moving party satisfies one of two legal standards.  A plaintiff seeking a TRO must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).  A plaintiff may also be entitled to a temporary restraining order by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor.  See All. For the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

A TRO binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)–(C).  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the

2

rights of persons not before the court." Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983) (vacating and remanding a preliminary injunction order to the district court because it was overly broad by applying to a purported class of individuals rather than the named plaintiffs).

Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)). The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

### III.    Analysis

Having reviewed the pending motion as well as plaintiff's complaint, the undersigned recommends denying the TRO Motion against non-party prison officials at CHCF who decided to transfer plaintiff back to CSP-SAC. A TRO is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). In order to enforce injunctive relief, the district court must have personal jurisdiction over such a person or legal entity. In re Estate of Ferdinand Marcos, 94 F.3d 539, 545 (9th Cir. 1996). Put simply, the Court should not issue an injunction that it cannot enforce. Id. The TRO Motion does not name the individual correctional staff at CHCF who ordered plaintiff transferred back to CSP-SAC. Even if plaintiff had identified them, they are not parties to this action involving prison staff at CSP-SOL and CSP-SAC. Therefore, the Court has no jurisdiction over these non-parties at CHCF to enforce any restraining order. Accordingly, the undersigned recommends denying the TRO Motion.

IT IS HEREBY ORDERED that:

1. Plaintiff's requests for an expedited ruling and for the status of his TRO (ECF Nos. 7,

9) are granted based on the recommendation contained herein.

2.  The Clerk of Court randomly assign this matter to a district judge.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 6) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE